# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-597-HEA ) |
| BRANDEN MALLOY, | ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER OF REMAND

This matter is before the Court upon review of a notice of removal, filed by *pro se* litigant Branden Malloy. In the removal notice, Malloy avers he seeks removal, pursuant to 28 U.S.C. § 1455, of three pending Missouri State criminal prosecutions in which he is a defendant. He has provided no documents from any of those proceedings. For the reasons discussed below, the Court will summarily remand these actions to the Missouri State Court from which they were removed.

### Background

Malloy avers he seeks removal, pursuant to 28 U.S.C. § 1455, of the following three pending Missouri State court criminal prosecutions: *State v. Branden Joseph Malloy,* No. 20JE-CR00628-02 (23rd Jud. Cir. 2000); *State v. Branden Joseph Malloy,* No. 20JE-CR00629-02 (23rd Jud. Cir. 2000); and *State v. Branden Joseph Malloy,* No. 20JE-CR00630-02 (23rd Jud. Cir. 2000). Malloy is represented by counsel in all three of those criminal prosecutions, and is facing charges of burglary, tampering, possession of a controlled substance, and leaving the scene of an accident. In the instant removal notice, he indicates he is currently incarcerated in the Jefferson County Jail.

As grounds for removal, Malloy asks this Court to "establish an investigation" into his claims, which include malicious prosecution and ineffective assistance of counsel, and violations of due process and criminal procedure. He also claims he suffered prolonged incarceration because the Jefferson County Sheriff's Department failed to follow procedures concerning a warrant, and he claims the case numbers in his cases have been wrongfully changed. He writes: "The violations of procedures alone should show cause to remove criminal prosecution."

## Discussion

This Court must promptly examine a notice of removal such as the one at bar, and must make an order of summary remand if it clearly appears that removal should not be permitted. 28 U.S.C. § 1455(b)(4). Removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966).

In the instant removal notice, Malloy indicates he proceeds pursuant to 28 U.S.C. § 1455, which establishes the procedure for removal of criminal prosecutions. It requires, *inter alia*, that a defendant seeking to remove a criminal prosecution from State court must file in the district court a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Here, Malloy has provided no documents from any of the three criminal prosecutions he seeks to remove. He has therefore failed to meet the requirements of § 1455.

Even if Malloy had provided the required documents, the instant removal notice would provide no basis to remove any of the three criminal prosecutions to this Court. Only certain criminal proceedings may be removed from state courts. They include criminal actions against the United States or its officers acting under the color of office, 28 U.S.C. § 1442, or prosecutions in state court "against a member of the armed forces of the United States on account

of an act done under color of his office or status" as a member of the armed forces. 28 U.S.C. § 1442a. Malloy does not claim to be, nor is there any indication he is, an officer of the United States or a member of the armed forces. There is therefore no basis for removal under 28 U.S.C. § 1442 or 28 U.S.C. § 1442a.

Section 1443 of Title 28 also authorizes removal of state criminal prosecutions to federal court, and based upon Malloy's averments in the instant removal notice, it appears he intends to invoke this section. However, the removal notice provides no basis for removal under § 1443. Removal jurisdiction under § 1443(1) is very limited. *Peacock,* 384 U.S. at 828. In order for a state criminal prosecution to be removed under § 1443(1), the removal petition must satisfy a two-prong test. *Johnson v. Mississippi,* 421 U.S. 213, 219-20 (1975).

First, it must appear that the right allegedly denied the petitioner arises under a federal law providing for civil rights stated in terms of racial equality. *Id.* (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [§] 1443(1)." *Id.* (internal citation omitted). Second, it must appear that the removal petitioner is being denied, or cannot enforce, the specified federal rights in State court. *Id.* "This provision normally requires that the 'denial be manifest in a formal expression of state law,' . . . such as a state constitutional or legislative provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel,* 384 U.S. at 799, 803).

3

In the instant removal notice, Malloy satisfies neither prong of the above test. Malloy does not allege a denial of rights arising under a federal law providing for civil rights stated in terms of racial equality, nor does he demonstrate he has been denied or cannot enforce his rights in Missouri State court. For all of the foregoing reasons, it clearly appears that removal should not be permitted, and the Court will therefore summarily remand the above criminal prosecutions to the Circuit Court of Jefferson County, Missouri. *See* 28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that the above criminal prosecutions are **REMANDED** to the Circuit Court of Jefferson County, Missouri. A separate order of remand will be filed herewith.

Dated this 25th day of May, 2021.

                                                                                    _____
                                                                                    HENRY EDWARD AUTREY
                                                                                    UNITED STATES DISTRICT JUDGE